UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

EARL MANIGAULT,

        Plaintiff,

    -against-                                     Case No.  11-cv-4307 (JSR)

THE CITY OF NEW YORK, POLICE OFFICER
LONNIE BROWN, shield # 08637, POLICE
OFFICE NEIL LAWSON, shield # 11184,
SERGEANT IRVING CONTRERAS, shield # 01608,
POLICE OFFICER KYESHA FRASER, shield # 2870,
POLICE OFFICER JACOB MERINO, shield # 4888.

                     Defendants.
_____X

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION IN LIMINE**

## Table of Contents

PRELIMINARY STATEMENT .................................................................................. 4

ARGUMENT ............................................................................................................. 4

   I.   PLAINTIFFS SHOULD BE PERMITTED TO INTRODUCE EVIDENCE OF DEFENDANT OFFICERS' DISCIPLINARY HISTORIES AND CIVIL RIGHTS ACTIONS FILED AGAINST THEM ............................................................................ 4

      A.  The June 9, 2010 and June 11, 2010 CCRB Reports and Previous Lawsuits against Defendants Establish a Pattern of Conduct. .................................................................. 5

      B.  CCRB histories of Defendants Salmeron and Merino are Relevant as to Their Credibility and are Admissible Pursuant to FRE 608(b) .................................................. 11

   II.  PLAINTIFF'S PRIOR CONVICTIONS SHOULD BE EXCLUDED AS PREJUDICIAL AND IRRELEVANT ............................................................................ 12

   III.  DEFENDANTS SHOULD NOT BE PERMITTED TO ALLUDE TO CRIMINAL HISTORY WHEN INTRODUCING ALIASES ................................................................ 14

   IV.  PLAINTIFF IS PERMITTED TO REFER TO DEFENSE COUNSEL AS CITY ATTORNEYS AND CAN SUGGEST THAT THE CITY MAY INDEMNIFY OFFICERS ................................................................................................................. 14

   V.  PLAINTIFF'S DAMAGES SHOULD NOT BE LIMITED .......................................... 15

   VI.  PLAINTIFF SHOULD BE PERMITTED TO INTRODUCE EVIDENCE OF THE GRAND JURY PROCEEDING AS IMPEACHMENT MATERIAL ...................... 17

   VII.  TO COMBAT UNFAIR PREJUDICE, DEFENDANT SHOULD NOT BE PERMITTED TO INFORM JURY THAT OFFICER IS ON MILITARY LEAVE ....... 19

## Table of Authorities

**Cases**

Adams v. United States, 686 F. Supp. 417, 418 (S.D.N.Y. 1988) .................................................. 15
Berkovich v. Hicks, 922 F.2d 1018, 1023 (2d Cir. 1990) ................................................................ 9
Bozsi Limited Partnership v. Lynott, 676 F. Supp. 505, 509 (S.D.N.Y. 1987) ............................ 15
Caleb & Co. v. E.I. DuPont de Nemours & Co., 624 F. Supp. 747, 748 (S.D.N.Y. 1985) .......... 15
Colon v. New York, 60 N.Y.2d 78, 82 (1983) ............................................................................... 17
Cunningham v. New York City, 2008 U.S. Dist. LEXIS 35972 (S.D.N.Y. May 1, 2008) ........... 14
Cunningham v. New York City, 2008 U.S. Dist. LEXIS 35972 (S.D.N.Y. May 1, 2008). .......... 14
Dallas v. Goldberg, 2002 U.S. Dist. LEXIS 8829 (SDNY, 2002) ................................................ 16
Fiacco v. City of Rensselaer, N.Y., 783 F.2d 319, 327-28 (2d Cir. 1986), cert. denied, 480 U.S. 922 (1987) .................................................................................................................................. 10
Fletcher v. City of N.Y., 54 F. Supp. 2d 328, 333 (S.D.N.Y. 1999) ............................................. 14
Hernandez v. Kelly, 2011 U.S. Dist. LEXIS 57114 (E.D.N.Y. May 27, 2011) ........................... 13
Hernandez v. Wells, 2003 U.S. Dist. LEXIS 21146 (SDNY, 2003 ............................................. 16
Huang v. Johnson, 251 F.3d 65, 75 (2nd Cir, 2001 ...................................................................... 16
Huddleston v. United States, 485 U.S. 681 (1988) ....................................................................... 11
Ismail v. Cohen, 706 F. Supp. 243, 252 (S.D.N.Y. 1989) ................................................... 9, 10, 11
Jean-Laurent v. Hennessy, 2011 U.S. Dist. LEXIS 122767 (E.D.N.Y. Oct. 24, 2011) ............... 13
Myers v. Phillips, 2007 U.S. Dist. LEXIS 57496 (E.D.N.Y. Aug. 7, 2007) ................................ 18
New York Guardian Mortgagee Corp. v. Cleland, 473 F. Supp. 409, 421 (S.D.N.Y. 1979) ....... 15
Nibbs v. Goulart, 822 F. Supp. 2d 339, 349 (S.D.N.Y. 2011) ........................................... 9, 12, 13
O'Neill v. Krzeminski, 839 F.2d 9, 11 n. 1 (2d Cir. 1988) ............................................................ 11
People v. Di Napoli, 27 N.Y.2d 229, 237, 265 N.E. 2d 449, 316 N.Y.S. 2d 622 (N.Y. 1970) .... 18
Phelps v. City of New York, 2006 U.S. Dist. LEXIS 42926 (S.D.N.Y. June 27, 2006) .............. 14
Richardson v. City of New York, *2006 U.S. Dist. LEXIS 69577 (EDNY, 2006)* ...................... 15
Rosales v. Kelly, 2011 U.S. Dist. LEXIS 135083 (S.D.N.Y. Nov. 14, 2011) ......................... 11, 12
Rosario v. Ercole, 582 F. Supp. 2d 541, 558-59 (S.D.N.Y. 2008) ............................................... 12
Samuel M. Feinberg Testamentary Trust v. Carter, 664 F. Supp. 140, 142 (S.D.N.Y. 1987) ..... 15
Scheiner v. Wallace, 1995 U.S. Dist. LEXIS 18873 (S.D.N.Y. Dec. 18, 1995) .......................... 18
United States v. Benedetto, 571 F.2d 1246, 1248 (2d Cir. 1978) ................................................. 10
United States v. Estrada, 430 F.3d 606, 617 (2d Cir. 2005) ......................................................... 12
United States v. Hayes, 553 F.2d 824, 828 (2d Cir. 1977) ........................................................... 12
United States v. Hurley, 755 F.2d 788, 790 (11th Cir. 1985) ......................................................... 9
United States v. Int'l Business Machines Corp., 79 F.R.D. 412, 414 (S.D.N.Y. 1978) ............... 15
United States v. Margiotta, 662 F.2d 131, 142 (2d Cir. 1981), cert. denied, 461 U.S. 913 (1983) ................................................................................................................................................... 10
United States v. Puco, 453 F.2d 539, 542 (2d Cir. 1971) ............................................................. 12
United States v. Riley, 657 F.2d 1377, 1388 (8th Cir. 1981) ........................................................ 10
Young v. Calhoun, 1995 U.S. Dist. LEXIS 4555 at *5 (S.D.N.Y. Apr. 10, 1995) ...................... 14
Zomber v. Stolz, 2011 U.S. Dist. LEXIS 152380 (E.D.N.Y. Jan. 26, 2011) ................................ 18

**Statutes**

FRE 404(b) ............................................................................................................................ 4, 5, 10
FRE 608(b) .................................................................................................................................... 11

## PRELIMINARY STATEMENT

DAVID A. ZELMAN, Esq., an attorney licensed to practice law in the State of New York and before this Court, being duly sworn deposes and says, upon information and belief, as follows:

1. I am the attorney for the above captioned action. This affirmation is submitted in opposition to Defendant's *in limine* application to exclude certain exhibits and witnesses Plaintiff intends to rely on at trial.

2. As a matter of background, this is false arrest and malicious prosecution action stemming from an arrest on June 4, 2010. Plaintiff was in a bodega with three acquaintances. As Plaintiff was exiting the store, Defendant Police Officers stopped Plaintiff and searched him. Defendants arrested plaintiff and charged him with criminal possession of a controlled substance in the third degree. The criminal matter was dismissed when the Grand Jury refused to indict. In addition to false arrest and malicious prosecution, Plaintiff brings causes of action alleging abuse of process, denial of fair trial, and illegal strip search.

## ARGUMENT

I. **PLAINTIFFS SHOULD BE PERMITTED TO INTRODUCE EVIDENCE OF DEFENDANT OFFICERS' DISCIPLINARY HISTORIES AND CIVIL RIGHTS ACTIONS FILED AGAINST THEM**

1. Defendants contend that Plaintiff should not be permitted to introduce past CCRB records and previous lawsuits against Defendants on the basis of being impermissible character evidence, irrelevant, and prejudicial. For the reasons that follow, these exhibits and testimony qualify pursuant to FRE 404(b) for admission.

4

A. **The June 9, 2010 and June 11, 2010 CCRB Reports and Previous Lawsuits against Defendants Establish a Pattern of Conduct.**

2. Defendants claim that their CCRB histories and lawsuits should be precluded. Because the CCRB histories and lawsuits establish a pattern of conduct by the defendants and are relevant to establish motive for this conduct, they qualify under FRE 404(b) for admission.

3. On the date of the incident, Defendants Brown and Lawson entered a bodega, placed Manigault in handcuffs and Brown then searched Manigault by placing his hands underneath his shirt and inside his underwear and groping Plaintiff's genitals and buttocks. No contraband was found on Manigault, but Brown and Lawson arrested Manigault anyway and charged him with criminal possession of a controlled substance in the third degree. According to the criminal court complaint, annexed hereto as Exhibit K, Lawson allegedly told Brown that he observed Plaintiff take out a rock of crack cocaine and show it to an individual. (Annexed to Plaintiff's Opposition to Summary Judgment Motion as Exhibit K, pg. 1). Brown also falsely stated that he recovered crack cocaine from a paper bag that Manigault was carrying. Manigault was then transported to the 28th Precinct and strip-searched.

4. Discovery in this case has revealed CCRB records of similar conduct by defendants which tend to show a pattern of similar conduct as that which is alleged in this case. In a CCRB complaint filed June 9, 2010 regarding an arrest that took place the same day, the complaining victim Elijah Young reported that defendants Brown and Salmeron exited an unmarked police car and approached Young on the sidewalk in front of 109 West 111th St. as he was walking home. According to Young, Brown illegally searched him in public, put his hands inside the complaining victim's

underpants, groping the complaining victim's genitals, and then arrested the complaining victim for possession of a controlled substance even though no contraband was found. (Annexed to Plaintiff's Opposition to Summary Judgment Motion as Exhibit U, pg. 3). Brown denied frisking the area between Mr. Young's boxers and pants. (Exhibit U, pg. 5). Although the CCRB board found, after an investigation that Brown's and Salmeron's statements about the incident "[are] not particularly plausible," the allegations were unsubstantiated[1] due to the absence of independent witnesses or documentary evidence. Exhibit U, pg. 7. This incident occurred just five days after the events that led to the instant litigation and the characteristics are nearly identical to the present case.

5. In a CCRB complaint filed on June 21, 2010 regarding an arrest that took place on June 11, 2010, seven days after the events that led to the instant litigation, the complaining victim Elijah Young reported that Defendant Lawson entered a barbershop, where Mr. Young and two other civilians were playing video games. According to Young, Lawson patted down Mr. Young and then got on his radio and said, "Come on down to the barber shop, I got something in the barber shop." Defendants Brown and Salmeron then arrived. According to Young, when Brown saw Mr. Young, he said "Yes!" and made a celebratory gesture. Brown then patted down Mr. Young's person and searched Mr. Young by reaching into his pockets and handcuffing him. Brown then put his fingers inside Mr. Young's underwear and

---

[1] "Unsubstantiated" in the context of a CCRB complaint does not mean that the allegations were determined to be unfounded, but rather that the "weight of the available evidence is insufficient to substantiate, exonerate or unfound the allegation" and is not a finding on the merits. See CCRB, *The Investigative Process*, available at http://www.nyc.gov/html/ccrb/html/how.html; see also Vann v. City of New York, 72 F.3d 1040, 1045 (2d Cir.1995) (describing testimony of expert witness explaining that "unsubstantiated" cases usually involve situations where there is "no neutral witness who could verify the version of either the officer or the civilian, and it was the word of the police officer against that of the civilian(s).").

6

pulled Young's underwear away from his waist and looked inside at Mr. Young's buttocks. (Annexed to Plaintiff's Opposition to Summary Judgment Motion as Exhibit Exhibit V, pg. 4). Brown denied being at the scene when the incident took place or searching Young. (Exhibit V, pg. 6). These characteristics are nearly identical to the pattern in the present case and occurred within a week of the within incident. The charges against Brown were unsubstantiated in part because other witnesses could not be located for the investigation. (Exhibit V, pgs. 8-10).

6. In addition to the CCRB reports that occurred mere days from the present incident, there have been at least four other similar incidents within months of June 4, 2010 that have led to lawsuits against defendants. See Jones v. City of New York, Case No. 11-cv-02249 (S.D.N.Y. filed April 1, 2011) (naming Brown and Lawson, alleging that on two occasions, January 2, 2010 and February 13, 2010, defendants stopped him, rifled through his pockets on the street, and falsely arrested him. Plaintiff was also subjected to a strip search at the precinct and an illegal public search that involved Brown putting his hands inside Jones's underwear and felt around his genitals and buttocks on a public sidewalk. (Annexed to Plaintiff's Opposition to Summary Judgment Motion as Exhibit M)); Adderly v. City of New York, Case No. 10-cv-03968 (S.D.N.Y. filed May 13, 2010) (naming Brown and Lawson, alleging that on January 15, 2010, defendants illegally stopped and searched Adderly on the street, falsely arrested, and subjected him to strip search at the precinct before being released without charges (Annexed to Plaintiff's Opposition to Summary Judgment Motion as Exhibit R)); Hilliard v. City of New York, Case No. 11-cv-0961 (S.D.N.Y. filed Feb. 14, 2011) (naming Lawson, alleging that on March 12, 2010, Hilliard was

stopped in street, unlawfully patted down, falsely arrested, subjected to strip search at precinct, and falsely charged with drug charges (Annexed to Plaintiff's Opposition to Summary Judgment Motion as Exhibit O)). Defendants denied any liability and all of the lawsuits settled. (Exhibits C, E, F).

7. These are just a few of the many lawsuits that have been filed against the Defendant officers. Other cases include *Young v. City of New York*, Case No. 10-cv-1701 (S.D.N.Y. filed March 30, 2010) (naming Salmeron, alleging she and other officers from the 28th precinct stopped him on the street, searched him by reaching into his underwear, arrested him and falsely charged him with drug offenses; case settled for $15,000 (Annexed to Plaintiff's Opposition to Summary Judgment Motion as Exhibit N)); *McCrae v. City of New York*, Case No. 08-cv-06531 (S.D.N.Y. filed July 23, 2008) (naming Lawson, alleging she was pat down in street, no contraband was found, but she was arrested and charged with drug offenses, case settled for $35,000 (Annexed to Plaintiff's Opposition to Summary Judgment Motion as Exhibit P)); *Mullins v. City of New York*, Case No. 09-CV-00193 (filed June 10, 2009) (naming Lawson and Merino, alleging false arrest, illegal strip search at the precinct; case settled for $34,250 (Annexed to Plaintiff's Opposition to Summary Judgment Motion as Exhibit Q)); *Floyd v. City of New York*, Case No. 08-cv-01034 (S.D.N.Y. filed Oct. 20, 2008)(a class action lawsuit naming SALMERON, alleging a city-wide policy of suspicionless stops and frisks; case is still pending); *Watson v. City of New York*, Case No. 08-cv-06555 (S.D.N.Y. filed Feb. 24, 2009)(naming LAWSON, settled for $35,000); *Troman v. Zaneri, et al.*, Case No. 08-cv-08066 (S.D.N.Y. filed Sept. 18, 2008)(lawsuit naming MERINO, alleging excessive force and assault and battery;

case settled for $25,001); *Green v. City of New York*, Case No. 11-cv-00108 (S.D.N.Y. filed Jan. 6, 2011)(lawsuit naming MERINO, alleging illegal stop and search, excessive force and false arrest; case is pending); *Mullins v. City of New York*, Case No. 10-cv-06021 (S.D.N.Y. filed August 11, 2010)(lawsuit naming BROWN, alleging false arrest and excessive force, settled for $20,000); *Wiggins v. City of New York*, Case No. 11-cv-01716 (S.D.N.Y. filed March 14, 2011)(lawsuit naming MERINO, alleging false arrest and malicious prosecution; case settled for $12,500); *Ellis v. City of New York*, Case No. 11-cv-3707 (S.D.N.Y. filed June 9, 2011)(lawsuit naming BROWN and LAWSON, alleging illegal stop and search, false arrest and malicious prosecution; case is pending); *Cleare v. City of New York*, Case No. 11-cv-03914 (S.D.N.Y. filed June 8, 2011)(lawsuit naming BROWN and SALMERON, alleging false arrest, unreasonable search, illegal strip search and abuse of process; case is pending); *Duckett v. City of New York*, Case No. 11-cv-4091 (S.D.N.Y. filed June 16, 2011)(lawsuit naming LAWSON, alleging false arrest, illegal strip search, false arrest and malicious prosecution; case is pending); *Eagan v. City of New York*, Case No. 11-cv-7688 (S.D.N.Y. filed Oct. 28, 2001)(lawsuit naming BROWN and SALMERON, alleging assault, false arrest, illegal strip search and malicious prosecution; case is pending). "Evidence of complaints against police officers may be admissible under FRE 404(b) where the offering party demonstrates that the complaints share unusual characteristics with the conduct at issue so as to represent a unique scheme." Nibbs v. Goulart, 822 F. Supp. 2d 339, 349 (S.D.N.Y. 2011); Berkovich v. Hicks, 922 F.2d 1018, 1023 (2d Cir. 1990).

8. The CCRB reports and lawsuits naming defendants also evince motive for malicious

prosecution in the instant action. Because the officers knew they might face disciplinary charges for an illegal search and arrest, they were motivated to proceed on false charges in order to insulate themselves. "Federal Rule 404(b) specifically provides for the admission of evidence of other wrongs or acts, either prior to or subsequent to the incident in question, which are relevant to an actual issue in the case." Ismail v. Cohen, 706 F. Supp. 243, 252 (S.D.N.Y. 1989). See e.g., United States v. Hurley, 755 F.2d 788, 790 (11th Cir. 1985); United States v. Riley, 657 F.2d 1377, 1388 (8th Cir. 1981). Evidence of similar acts is admissible for "proof of motive, opportunity, intent, preparation, plan [or] knowledge." Fed. R. Evid. 404(b). Here, the pattern of conduct by defendants is admissible as proof of both motive and intent.

9. Rule 404(b) requires a two-part analysis. First, the court must consider whether the evidence fits within the exceptions listed in the rule. Second, the court must balance the probative value of the evidence against the likelihood of undue prejudice, equivalent to the analysis under Rule 403. Fiacco v. City of Rensselaer, N.Y., 783 F.2d 319, 327-28 (2d Cir. 1986), cert. denied, 480 U.S. 922 (1987); United States v. Margiotta, 662 F.2d 131, 142 (2d Cir. 1981), cert. denied, 461 U.S. 913 (1983). "The Second Circuit has long been committed to the "inclusionary" approach to the admissibility under Fed. R. Evid. 404(b) of similar act evidence." Ismail v. Cohen, 706 F. Supp. 243, 252 (S.D.N.Y. 1989). See also, e.g., United States v. Benedetto, 571 F.2d 1246, 1248 (2d Cir. 1978) (citing McCormick, Evidence § 109, at 447 (2d ed. 1972)).

10. In Ismail, the Plaintiff was permitted to introduce CCRB records of a defendant

officer who had a pattern of applying handcuffs too tight, falsely claiming injury from the citizen to cover up his own inappropriate use of physical force, and filing false charges for the same purpose. These actions "represent[ed] a relevant pattern in which Plaintiff intends to show that Officer Cohen has a pattern of lashing out physically when he feels his authority is challenged by a citizen with whom he is dealing with on the street." Ismail, 706 F. Supp. at 253.

11. While some of the CCRB allegations were unsubstantiated and the previous lawsuits resulted in settlements, no preliminary finding that the defendant committed the other act is required. Ismail 706 F. Supp. at 252; Huddleston v. United States, 485 U.S. 681 (1988). "No criminal conviction, civil judgment, administrative finding, or even preliminary judicial finding is necessary before specific acts of other misconduct may be introduced as extrinsic evidence under Rule 404(b) to prove wrongful intent, motive, or pattern of relevant conduct, or an "aggravated state of mind." Ismail, 706 F. Supp. at 252-253. *See also* Huddleston v. United States, 485 U.S. 681, O'Neill v. Krzeminski, 839 F.2d 9, 11 n. 1 (2d Cir. 1988).

B. **CCRB histories of Defendants Salmeron and Merino are Relevant as to Their Credibility and are Admissible Pursuant to FRE 608(b)**

12. The June 20, 2005 CCRB report that substantiated charges against Merino is relevant as to his credibility. The CCRB found that Merino issued a Disorderly Conduct violation when in fact the complaining victim was acting reasonably. The CCRB found, after an investigation, that "the summons written by PO Merino and his CCRB statement are not consistent." (Annexed to Plaintiff's Opposition to Summary Judgment Motion as Exhibit S, June 20, 2005 CCRB, pg. 7). This goes to the very heart of credibility of the witness and should therefore be admissible. See Rosales v.

11

Kelly, 2011 U.S. Dist. LEXIS 135083 (S.D.N.Y. Nov. 14, 2011) (Disciplinary history of non-party witness permitted as impeachment material because incident related to witness's "character for untruthfulness").

13. The October 28, 2006 and the March 11, 2007 CCRB reports should also be permitted into evidence on that basis that they are relevant as to Salmeron's credibility. The October 28, 2006 CCRB report substantiated charges against Police Officer Salmeron for abuse of authority when she illegally stopped and frisked the complaining victim. There are also findings in the CCRB report of Officer Salmeron giving conflicting testimony. (Annexed to Plaintiff's Opposition to Summary Judgment Motion as Exhibit T, October 28, 2006 CCRB, pg. 13). In the March 11, 2007 CCRB report, Officer Salmeron was accused of speaking obscenely and threatening to arrest the complaining victim during a traffic stop. (Exhibit A, pg. 1). Additionally, the report notes that although the officers maintained that they stopped the complaining victim due to unsafe driving, the officers never issued a summons for a traffic violation. (Exhibit A, pg. 5). These inconsistent statements are all evidence of the witness's character for untruthfulness. Rosales v. Kelly, 2011 U.S. Dist. LEXIS 135083 (S.D.N.Y. Nov. 14, 2011)

## II. PLAINTIFF'S PRIOR CONVICTIONS SHOULD BE EXCLUDED AS PREJUDICIAL AND IRRELEVANT

14. As explained in Plaintiff's motion *in limine*, it is well settled in the Second Circuit that where the prior conviction is for the same offense as that at issue, "the potential for prejudice is greatly enhanced." Nibbs v. Goulart, 822 F. Supp. 2d 339, 343 (S.D.N.Y. 2011); United States v. Puco, 453 F.2d 539, 542 (2d Cir. 1971); Rosario v. Ercole, 582 F. Supp. 2d 541, 558-59 (S.D.N.Y. 2008). In Nibbs, the court found that

"the similarity between Nibbs's prior felony convictions and the circumstances of the arrest at issue here outweighs any probative value of those convictions as to Nibbs's character for truthfulness." Nibbs, 822 F. Supp. 2d at 343. Here, Mr. Manigault's criminal history is for the same sort of criminal conduct that is at issue in this case.

15. "[A] court must examine the facts involved in the convictions to determine whether the prior convictions are probative as to the witness's truthfulness." *See* United States v. Estrada, 430 F.3d 606, 617 (2d Cir. 2005); United States v. Hayes, 553 F.2d 824, 828 (2d Cir. 1977). The convictions in question are not crimes related to Mr. Manigault's veracity and the Defendants have made no argument that the facts of Mr. Manigault's prior convictions demonstrate anything about his veracity. Nibbs, 822 F. Supp. 2d at 343.

16. Defendants cite a transcript of Ramon Jacquez v. City of NY, 10 CV 9314 (S.D.N.Y. 2011) in support of its contention that the limited relevance of introducing Plaintiff's recent criminal history somehow outweighs the extreme prejudice to Plaintiff. That case simply does not comport with current, published case law. *See* Nibbs, 822 F. Supp. 2d at 343. *See also* Hernandez v. Kelly, 2011 U.S. Dist. LEXIS 57114 (E.D.N.Y. May 27, 2011) (Plaintiff's felony conviction for resisting arrest precluded from excessive force action for being too similar to case being litigated and unduly prejudicial); Jean-Laurent v. Hennessy, 2011 U.S. Dist. LEXIS 122767 (E.D.N.Y. Oct. 24, 2011) (Court precluded disciplinary and institutional records from the Correctional Department in an illegal strip search action for being irrelevant and prejudicial).


### III. DEFENDANTS SHOULD NOT BE PERMITTED TO ALLUDE TO CRIMINAL HISTORY WHEN INTRODUCING ALIASES

17. Defendants seek to introduce evidence that plaintiff used aliases "in connection with earlier arrests." Defendant's motion *in limine*, pg. 10. Plaintiff used the alias "Kevin Smith" once in connection to an arrest in 1994 (Manigault RAP sheet, excerpted, Exhibit B). Since that alias was used over ten years ago, the probative value is greatly reduced and does not outweigh the prejudice to the defendant. Such other alias material should be limited so that defendants do not also "elicit the fact that plaintiff was arrested and/or convicted for prior criminal conduct in connection with the use of these aliases." Jean-Laurent v. Hennessy, 2011 U.S. Dist. LEXIS 122767 (E.D.N.Y. Oct. 24, 2011) (quoting Young v. Calhoun, 1995 U.S. Dist. LEXIS 4555 at *5 (S.D.N.Y. Apr. 10, 1995)). *See also* Fletcher v. City of N.Y., 54 F. Supp. 2d 328, 333 (S.D.N.Y. 1999).

### IV. PLAINTIFF IS PERMITTED TO REFER TO DEFENSE COUNSEL AS CITY ATTORNEYS AND CAN SUGGEST THAT THE CITY MAY INDEMNIFY OFFICERS

1. Contrary to Defendants' contention, the City of New York is a party to the instant proceeding with regards to Plaintiff's state law claims. Based on the doctrine of *respondeat superior*, the City of New York may be found liable for all torts committed by its employees, Defendant officers. Defendants have claimed that they were acting within the scope of their employment during Plaintiff's arrest. If Plaintiff succeeds on his state law claims, the City may be held liable. *See* Phelps v. City of New York, 2006 U.S. Dist. LEXIS 42926 (S.D.N.Y. June 27, 2006). Plaintiffs have adequately pled this theory of liability, and the city of New York remains a Defendant on this case. Cunningham v. New York City, 2008 U.S. Dist. LEXIS 35972

14

(S.D.N.Y. May 1, 2008). All of the cases that Defendants cite supporting their claim are instances when the City of New York is no longer a party. Therefore, both the Court and Plaintiff should refer to Defense counsel as city attorneys and can suggest that the City may indemnify Defendant officers.

## V. PLAINTIFF'S DAMAGES SHOULD NOT BE LIMITED

2. This issue has already been argued and decided in Defendant's motion for reconsideration. Not only is this re-argument improper, it is still without merit. Defendant has not filed a motion to reargue pursuant to Local Civil Rule 6.3 within 14 days of a judicial order. Pursuant to that rule, the only proper ground on which a party may move to reargue an unambiguous order is that the court has overlooked "matters or controlling decisions" which, had they been considered, might reasonably have altered the result reached by the court. Bozsi Limited Partnership v. Lynott, 676 F. Supp. 505, 509 (S.D.N.Y. 1987); New York Guardian Mortgagee Corp. v. Cleland, 473 F. Supp. 409, 421 (S.D.N.Y. 1979); United States v. Int'l Business Machines Corp., 79 F.R.D. 412, 414 (S.D.N.Y. 1978). The standard for granting motions to reargue is "strict in order to dissuade repetitive arguments on issues that have already been considered fully by the court." Caleb & Co. v. E.I. DuPont de Nemours & Co., 624 F. Supp. 747, 748 (S.D.N.Y. 1985); Samuel M. Feinberg Testamentary Trust v. Carter, 664 F. Supp. 140, 142 (S.D.N.Y. 1987). *See also* Adams v. United States, 686 F. Supp. 417, 418 (S.D.N.Y. 1988).

3. The gist of defense counsel's argument is that since plaintiff pled guilty to a parole violation, he should not be permitted to recover for damages for the time he remained in custody for that parole violation. Plaintiff testified that as a result of his arrest his

15

parole was violated. He was charged with several offenses relating to the arrest and one of those charges was that he failed to contact his parole officer and inform the parole officer that he was arrested. The plaintiff testified at deposition that he was in custody continuously after his arrest and had the parole officer's number on his cell phone which was confiscated at the time of his arrest. Plaintiff testified that he pled guilty to the charge because he knew he would be convicted of it regardless.

4. In Richardson v. City of New York, 2006 U.S. Dist. LEXIS 69577 (EDNY, 2006) Judge Glesson specifically rejected an analogous argument and held:

> In any event, the defendants' entire causation argument is flawed. Richardson contends that the pending drug charge against him was one of the crucial factors the parole officials took into account both in charging him with violations and in imposing the maximum sentence on a first-offense, two-hour curfew violation. In order to recover for whatever "parole time" he actually served, Richardson's burden at trial will be to prove that the defendants' constitutional violations more likely than not were the cause of his detention on the parole violation. It seems to me plain that the ALJ could very well have given Richardson the maximum because of the pending drug charge, or at least a jury could reasonably so conclude.

*Richardson* at 24.

5. Judge Swain addressed a related issue in Dallas v. Goldberg, 2002 U.S. Dist. LEXIS 8829 (SDNY, 2002). In Dallas, a plaintiff was charged with drug offenses while on parole. The drug charges were dismissed and the plaintiff pled guilty to a parole violation. Plaintiff sued for malicious prosecution and abuse of process stemming from the drug arrest. The Court held, in part, that "Plaintiff is not required to show that the parole revocation proceedings terminated in his favor to assert the abuse of process claim." (See also, Hernandez v. Wells, 2003 U.S. Dist. LEXIS 21146 (SDNY, 2003). ("...*Heck's* prohibition on the use of § 1983 suits to attack the

16

validity of sentences or convictions applies only to potential plaintiffs who remain in custody.") See also, Huang v. Johnson, 251 F.3d 65, 75 (2nd Cir, 2001) ("Based on these authorities, we conclude that *Heck* does not bar Huang's Section 1983 action. While Huang's challenge is aimed at the duration of Yu's confinement, she does not challenge the validity of Yu's conviction. Furthermore, Yu has no habeas remedy because he has long since been released from OCFS custody. In light of our holding in *Leather*, and in light of both the *Spencer* majority's dictum and the fact that the *Spencer* concurrences and dissent "revealed that five justices hold the view that, where federal habeas corpus is not available to address constitutional wrongs, § 1983 must be," *Jenkins*, 179 F.3d at 26, we conclude that Huang's Section 1983 claim must be allowed to proceed.") Here, as in *Huang*, a verdict for plaintiff would not attack the validity of his sentence.

## VI. PLAINTIFF SHOULD BE PERMITTED TO INTRODUCE EVIDENCE OF THE GRAND JURY PROCEEDING AS IMPEACHMENT MATERIAL

6. Mr. Manigault may seek to introduce Brown's and Lawson's grand jury testimony for two primary purposes: (1) to help prove Mr. Manigault's malicious prosecution claim and (2) for purposes of impeachment.

7. Defendants argue that the Court should bar plaintiff from introducing evidence of the grand jury proceeding pertaining to the underlying criminal matter because the Court dismissed all claims against defendants Lawson and Brown premised on their grand jury testimony.

8. Mr. Manigault was arraigned based on the statements of defendants Brown and Lawson. A grand jury was convened at which Brown and Lawson testified, but the grand jury refused to indict Mr. Manigault. In order to make out a claim for

malicious prosecution, Mr. Manigault will need to demonstrate, *inter alia*, lack of probable cause for the prosecution and malice by the defendants, See, e.g., Colon v. New York, 60 N.Y.2d 78, 82 (1983). Lack of probable cause could be shown in this case by demonstrating that Brown's and Lawson's statements in the criminal court complaint were false. Part of this proof will entail evaluating defendants' testimony at the grand jury. Since Defendants were immune for grand jury testimony, Plaintiff should be permitted to use that testimony as impeachment material.

9. In this case, impeachment of Brown and Lawson is necessary to prove that they lied in the criminal court and arrest paperwork and, therefore, that the criminal prosecution was initiated without probable cause and with malice. Moreover, this is particularly important to Mr. Manigault's case because it will allow Mr. Manigault to provide independent support beyond his own version of events for his claim that the defendants lied in the criminal court complaint. See Zomber v. Stolz, 2011 U.S. Dist. LEXIS 152380 (E.D.N.Y. Jan. 26, 2011) (trial court properly denied Defendant's motion in limine to preclude the admission of grand jury testimony).

10. Moreover, deposition testimony of the defendants will not be an adequate substitute. Over a year and half has passed since the grand jury testimony was given, and Mr. Manigault should not be required to rely on an uncertain reconstruction of the defendants' grand jury testimony via depositions. Furthermore, if there are inconsistencies between the defendants' testimony and prior statements and their grand jury testimony, defendants will have a disincentive to reveal those discrepancies at trial now.

11. Mr. Manigault will utilize the grand jury testimony of the defendant officers for purposes of impeachment. "The New York Court of Appeals has held that the 'use of witness' grand jury testimony for impeachment . . . is commonplace and perfectly proper.'" Myers v. Phillips, 2007 U.S. Dist. LEXIS 57496 (E.D.N.Y. Aug. 7, 2007) (quoting People v. Di Napoli, 27 N.Y.2d 229, 237, 265 N.E. 2d 449, 316 N.Y.S. 2d 622 (N.Y. 1970) *See also* Scheiner v. Wallace, 1995 U.S. Dist. LEXIS 18873 (S.D.N.Y. Dec. 18, 1995) (impeachment of witness at civil trial is compelling reason for disclosure of Grand Jury minutes). In the instant case, Mr. Manigault's case likely will come down to credibility: whether a trier of fact believes the Mr. Manigault's version of events or those described by the police officers. As such, the ability to impeach the defendants with their grand jury testimony is essential.

## VII. TO COMBAT UNFAIR PREJUDICE, DEFENDANT SHOULD NOT BE PERMITTED TO INFORM JURY THAT OFFICER IS ON MILITARY LEAVE

12. Defendants should not be permitted to inform the jury that Defendant Merino is on military leave. Such a request is nothing more than a bald attempt by Defense counsel to seek sympathy for Defendants. Plaintiff proposes that the Court provide a neutral explanation for Defendant Merino's absence, such as "One of the individual Defendants in this matter, Officer Jacob Merino, is unavailable to appear at this trial. In evaluating the evidence of this case, you should not speculate as to why Officer Merino is not present." The Court should instruct the jury only that Defendant Officer Merino is unable to attend the trial to "ensur[e] the jury does not reward defendant Merino improperly for his military service." (Defendants Pretrial Motion *In Limine*, pg. 15.)

Dated: Brooklyn, New York
      May 31, 2012

LAW OFFICE OF DAVID A. ZELMAN

_____
David A. Zelman, Esq.
Attorney for Earl Manigault
612 Eastern Parkway
Brooklyn, NY 11225
(718) 604-3072

cc:    Brian Francolla, Esq., by ecf